FILED
U.S. DISTRICT COURT

2012 SEP -5 ᴘ 5: 06

DISTRICT OF UTAH

BY:_____
    DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH   CENTRAL DIVISION

| | |
|---|---|
| **LIVIA S. WEST** | |
| **Petitioner,** | |
| | **MEMORANDUM DECISION AND ORDER** |
| **vs.** | |
| **STANISLAV D. DOBREV** | **Case No. 2:12CV819** |
| **Respondent.** | |

       Before the court is Livia S. West's Petition for Return of Children to Petitioner and Petition for Immediate Issuance of Show Cause Order to Respondent filed on August 23, 2012. (Dkt. No. 1.)  Stanislav D. Dobrev responded on August 29, 2012.  (Dkt. No. 7.)  The court heard oral argument on August 29, 2012.  The court, having considered the parties' briefs and the arguments of counsel, enters the following Memorandum Decision and Order.

## BACKGROUND

       Petitioner and Respondent were married on April 21, 2003 in Chicago, Illinois and lived there through June 2008.  (Petitioner's Brief, Dkt. No. 1 ("PB") ¶ 7.)  During that time, Petitioner and Respondent had two children.  (PB ¶¶ 3, 6.)  In June 2008, Petitioner,

Respondent, and the children moved to Fontainebeau, France. (PB ¶ 7.) On or about May 19, 2009, Petitioner filed for divorce in a French court. (PB ¶ 8.) The French court awarded primary physical custody of the children to Petitioner. (PB ¶ 9.)

Sometime thereafter, Respondent accepted a position as a professor at the University of Utah and Petitioner accepted a position as a contract attorney with the European Commission in Brussels, Belgium. (PB ¶¶ 12, 19.) Petitioner apprised the French court that she intended to move to Belgium with the children and, despite opposition from Respondent, the French court authorized the move. (PB ¶ 20.)

At some point in the summer of 2012 during his court-approved visitation time, the children vacationed with Respondent at his Park City, Utah, home in the United States. The children were to be returned to their mother in Belgium by August 12, 2012 but the Respondent ignored that requirement. Respondent retained physical custody of the children and filed his own custody petition in a Utah state court in Summit County, Utah. On August 23, 2012, Petitioner filed the current action.

## THE HAGUE CONVENTION

Petitioner filed this action under the Hague Convention on the Civil Aspects of International Child Abduction, Oct. 25, 1980, T.I.A.S. No. 11670, 19 I.L.M. 1501 ("Hague Convention"). The International Child Abduction Remedies Act, 42 U.S.C. § 11601-11610 (1988) ("Act") implemented the Hague Convention in the United States. The two main purposes of the Hague Convention are "to ensure the prompt return of children to the state of their habitual residence when they have been wrongfully removed," Hague Convention, pmbl., and "to ensure that the rights of custody and of access under the law of one Contracting State are

effectively respected in the other Contracting States," id., art. 1. The Convention's procedures are not designed to settle international custody disputes, but rather to restore the status quo prior to any wrongful removal or retention, and to deter parents from engaging in international forum shopping in custody cases. Baxter v. Baxter, 423 F.3d 363, 367 (3d Cir. 2005).

Any person seeking the return of a child in the United States may commence a civil action under the Convention by filing a petition in a court of jurisdiction in which the child is located. 42 U.S.C. 11603(b). Determination of a child's habitual residence is a threshold question. Feder v. Evans-Feder, 63 F.3d 217, 222 (3d Cir. 1995). Here, the court finds that the habitual residence of the children is with Petitioner in Brussels, Belgium.

After a petitioner sets forth a prima facie case regarding wrongful removal or retention, the burden shifts to the respondent to prove an affirmative defense against the return of the child to the country of habitual residence. Baxter, 423 F.3d at 368. In the case at bar, Respondent invokes the affirmative defense of abuse of the children by Petitioner. This court is required under Article 13(b) of the Convention to return the children to their habitual home in Belgium unless it finds that Respondent shows that "there is grave risk that [a return to Belgium] would expose the child to physical or psychological harm or otherwise place the child in an intolerable situation."

## ANALYSIS

The question before the court is whether the Respondent has made such a showing -- that there is a grave risk the children will be exposed to physical or psychological harm or otherwise be placed in an intolerable situation if they are returned to Belgium. The answer is no. All that Respondent has presented to the court is 1) the Respondent's affidavit testimony in which he

3

states that, from his viewpoint, the children are not being properly cared for by their mother, and

he would do a better job; and 2) a one page summary from a psychologist who, at their father's

insistence, visited with the children on three occasions. The psychologist reports that a) the

children do not enjoy certain actions of their mother; b) the mother has employed some harsh

disciplinary and care measures; and c) the children would prefer to stay with their father. In

addition to an almost complete lack of corroboration for any of this, even on its face, the

evidence presented by the Respondent is far from demonstrating a "grave risk" that a return to

Belgium will expose the children to physical or psychological harm or otherwise place them in

an intolerable situation.

## CONCLUSION

Accordingly, it is hereby ordered that the children shall be immediately returned to their

mother while she is in the District of Utah for their safe return with her to Belgium. If the

Respondent's concerns have merit, he must address them there, or in France where the divorce

decree was obtained.

Dated this _5th_ day of September, 2012.

By _____
Dee Benson
United States District Judge

4